UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT WESLEY HUMPHREYS, | |
| Petitioner, | CASE NO. C20-5426-BJR-MAT |
| v. | |
| RON HAYNES, | REPORT AND RECOMMENDATION |
| Respondent. | |

INTRODUCTION

Petitioner Scott Wesley Humphreys proceeds pro se and *in forma pauperis* in this 28 U.S.C. § 2254 habeas corpus matter. He is in custody pursuant to a February 2014 Cowlitz County Superior Court judgment and sentence entered after he pleaded guilty to one count of second degree murder (domestic violence) with a sentencing enhancement for use of a firearm. (Dkt. 16, Ex. 1.)

Petitioner raises a number of assertions in a habeas petition (Dkt. 9), Motion for Release (Dkt. 18), and Motion to Suspend the Rules and Grant the Motion for Release (Dkt. 19). Respondent submitted an answer, along with relevant portions of the state court record (Dkts. 15 & 16), and a response to the motions for release (Dkt. 20). Now, having considered the petition,

REPORT AND RECOMMENDATION
PAGE - 1

answer, and record, and the pending motions and response, the Court recommends the habeas petition and pending motions be DENIED and this case DISMISSED.

## BACKGROUND

Petitioner was charged in 2012 and began trial in Cowlitz County Superior Court on January 28, 2014. (Dkt. 16, Ex. 2 at 2-3, 5.) On February 4, 2014, petitioner pleaded guilty to second-degree felony murder with a firearm sentencing enhancement. (*Id*., Ex. 3.) He wrote in his guilty plea statement:

> In Cowlitz County on 12/21/2012, I intentionally and unlawfully shot David Peterson. I did not mean to kill him but he died as a result of the gunshot. During the commission of the crime, I was armed with a firearm, a handgun. Mr. Peterson was a family member, my uncle.

(*Id*. at 9.) The trial court found the plea knowingly, intelligently, and voluntarily made, that petitioner understood the charges and consequences of his plea, and a factual basis for the plea. (*Id*. at 10.) The court accepted the plea and, on February 20, 2014, sentenced petitioner to 190 months of confinement. (*Id*., Ex. 1.) Petitioner did not appeal.

On July 5, 2017, more than three years after entry of the judgment and sentence, petitioner filed a motion to withdraw his guilty plea under Washington Criminal Rule (CrR) 7.8. (*Id*., Ex. 2 at 5 and Ex. 4.) He alleged his attorney coerced him to enter a guilty plea; his plea was not knowingly, voluntarily, and intelligently made; his attorney failed to properly collect evidence or to challenge withheld exculpatory evidence; the prosecutor committed misconduct and made false statements at trial; defense counsel failed to object to the prosecutor's misconduct; the police contaminated the crime scene; the charges were the result of entrapment; law enforcement committed perjury; the crime scene was staged; defense counsel failed to develop the theory the victim was the aggressor; he was subjected to double jeopardy; and he was entitled to an

affirmative defense instruction. (*Id*., Ex. 4 at 2-6.)

The superior court transferred petitioner's motion to the Washington Court of Appeals to be considered as a personal restraint petition and, after an initial rejection due to the absence of required findings, the appellate court accepted an amended order of transfer. (*Id*., Exs. 5-6, 8.) The Chief Judge of the Court of Appeals thereafter dismissed the petition as time-barred under RCW § 10.73.090. (*Id*., Ex. 9.) In the Order Dismissing Petition, the Chief Judge explained a petition must be filed within one year of when a judgment and sentence became final, that petitioner's judgment and sentence became final when entered by the trial court on February 20, 2014, and that petitioner failed to meet the filing deadline in filing his motion/petition on July 5, 2017. (*Id*. at 1.)

Petitioner filed a motion for reconsideration, which was transferred to the Washington Supreme Court to be considered as a motion for discretionary review. (*Id*., Exs. 10 & 11.) He argued his petition should not be deemed untimely for a number of reasons, such as his justifiable use of force, mitigating circumstances, and evidence of obstruction of justice, fraud, and perjury, and reiterated his CrR 7.8 claims, including that his guilty plea was the product of duress and his counsel and the trial judge committed misconduct. (*Id*., Ex. 10.) The Commissioner of the Supreme Court found none of petitioner's grounds for relief exempt from the time limit on collateral review and concluded the petition was properly dismissed as untimely because it was "clearly time-barred." (*Id*., Ex. 12.)

Petitioner objected to the Commissioner's ruling and moved for appointment of counsel. (*Id*., Exs. 13 & 14.) The Washington Supreme Court construed the objection as a motion to modify and the Chief Justice denied both the motion to modify and the motion for appointment of counsel. (*Id*., Exs. 15 & 16.) The Court of Appeals, on September 12, 2018, issued a certificate of finality.

(*Id.*, Ex. 17.) Petitioner filed his federal habeas petition on May 5, 2020. (*See* Dkts. 5 & 9.)

## DISCUSSION

Petitioner describes his grounds for relief in this habeas proceeding as follows: "My case is based on fraud, perjury, obstruction of justice, . . . entrapment, [Code of Judicial Conduct (CJC) Rule] 2.4 violation during a[n] election cycle, [CJC Rule] 2.15 issues. Read all submitted motions[,] exhibits[,] court docket reports." (Dkt. 9 at 5, 7-8.) Respondent argues petitioner neither exhausted his claims, nor timely filed his petition, but that the failure to exhaust need not be addressed given that this matter is properly dismissed as time-barred under 28 U.S.C. § 2244(d). Petitioner did not submit a response to the answer, but did file two motions in which he disputes a time bar to his habeas petition, reiterates some of his grounds for relief, and otherwise requests his release from incarceration. (Dkts. 18-19.) He also filed an Affidavit for Entry of Default Judgment in which he appears to raise issues associated with an evaluation for substance abuse treatment. (Dkt. 20.) The Court, for the reasons set forth below, agrees with respondent that the petition is untimely under § 2244(d) and concludes the petition and pending motions should be denied and this action should be dismissed.

A.   Statute of Limitations

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. That period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

REPORT AND RECOMMENDATION
PAGE - 4

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The period of limitation usually commences when the criminal judgment becomes final under state law; specifically "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A).

In this case, petitioner does not establish his entitlement to application of § 2244(d)(1)(B), (C), or (D) to his case. Although asserting a number of issues associated with the investigation into and criminal proceedings leading up to his conviction, as well as a variety of more recent issues and events, the arguments raised are unclear and unsupported and the assertions no more than conclusory. Accordingly, the statute of limitations in this case began to run on the date on which the judgment became final under § 2244(d)(1)(A).

In Washington, a notice of appeal must be filed within thirty days after entry of the decision of the trial court. Wash. RAP 5.2(a). The end of this thirty day period marks the expiration of the time for seeking review pursuant to § 2244(d)(1)(A). Here, because petitioner did not appeal the February 20, 2014 judgment and sentence, his conviction became final thirty days later, on March 22, 2014. His one-year statute of limitations under § 2244(d)(1) began to run the following day, on March 23, 2014, *Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001), and expired one year later, on March 24, 2015. Petitioner filed his habeas petition on May 5, 2020, more than five years after his statute of limitations expired. His petition is therefore untimely and subject to dismissal.

The one-year limitations period for filing a § 2254 action is tolled for any "properly filed"

collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Petitioner filed a post-conviction collateral challenge, through a CrR7.8 motion, on June 5, 2017, more than two years *after* the expiration of his federal statute of limitations. Moreover, because that petition was deemed time-barred under RCW § 10.73.090, it was not properly filed and therefore could not toll the statute of limitations. *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *accord Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Even if the collateral challenge could be construed as timely filed, it was no longer "pending" as of the certificate of finality issued by the Washington Court of Appeals on September 12, 2018. (Dkt. 16, Ex. 17.) Petitioner's federal statute of limitations continued to run for more than nineteen additional months, until the May 5, 2020 filing of the habeas petition in this Court. Petitioner is not, as such, entitled to any statutory tolling under § 2244(d)(2) for the period between 2015 and 2020.

B.  Equitable Tolling

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In other words, equitable

tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner appears to contend he is entitled to equitable tolling. For instance, in asserting the timeliness of the petition, petitioner states the Department of Corrections (DOC) "tossed one legal box 3 times", put him in "F unit 'two times' on manufactured and false evidence", that his social security number was stolen and he suffered a number of different medical issues, that the DOC is continuing to violate his constitutional rights and policies, and identifies issues related to covid-19 and other broad allegations related to his incarceration and the criminal justice system. (Dkt. 9 at 13-14.) He also reiterates his grounds for habeas relief. (*See* Dkts. 9, 18-19.)

Petitioner does not, however, provide support for or demonstrate his entitlement to equitable tolling. His submissions and assertions are vague and conclusory and do not establish the existence of extraordinary circumstances beyond his control, inhibiting his ability to timely pursue his claims, and entitling him to equitable tolling. Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because he does not demonstrate his entitlement to either statutory or equitable tolling of the limitations period, his petition is time-barred.

C.Actual Innocence

A showing of actual innocence may also satisfy the requirements for equitable tolling. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... [or] expiration of the statute of limitations."). The Court must apply the standards for gateway actual innocence claims set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin*, 569 U.S. at 386. "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that,

REPORT AND RECOMMENDATION
PAGE - 7

in light of . . . new evidence, no juror [or other trier of fact], acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup*, 513 U.S. at 329).  *See also Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc) ("[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the *Schlup v. Delo*, 513 U.S. 298[] (1995), gateway and have his constitutional claims heard on the merits.").

To make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).  This actual innocence exception is narrow in scope and reserved for the extraordinary case. *Calderon*, 523 U.S. at 559 (cited source omitted).  "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup*, 513 U.S. at 324. *Accord McQuiggin*, 569 U.S. at 386 (cautioning that "tenable actual-innocence gateway pleas are rare").  Indeed, allegations of actual innocence have "in virtually every case. . . been summarily rejected." *Calderon*, 523 U.S. at 559 (internal quotations omitted).

Petitioner does not make the showing necessary to satisfy the requirements for equitable tolling based on actual innocence.  He makes numerous assertions regarding the evidence, investigation, and his trial, but does not identify new reliable evidence not presented at trial and showing no trier of fact could reasonably have found him guilty beyond a reasonable doubt. Petitioner also entered a counseled, unconditional guilty plea admitting to the charged crime.  His contention his plea was coerced and not knowingly, voluntarily, or intelligently made is not

REPORT AND RECOMMENDATION
PAGE - 8

accompanied by supportive facts or evidence. Petitioner therefore fails to set forth a basis for the equitable tolling of his statute of limitations through a showing of actual innocence and his untimely petition is subject to dismissal with prejudice.

## CONCLUSION

Because petitioner filed his habeas petition outside of the applicable statute of limitations period, and because he does not demonstrate his entitlement to tolling of that period, his petition is time-barred under 28 U.S.C. § 2244(d). The Court recommends petitioner's federal habeas petition (Dkt. 9) and associated motions (Dkts. 18 & 19) be DENIED and this case DISMISSED. An evidentiary hearing is not required as the record conclusively shows petitioner is not entitled to relief. A proposed Order accompanies this Report and Recommendation.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, petitioner is not entitled to a COA with respect to his claims.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

REPORT AND RECOMMENDATION
PAGE - 9

your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 11, 2020**.

DATED this 13th day of November, 2020.

Mary Alice Theiler
United States Magistrate Judge